CINCINNATI (CITY) v. LOHMAN ET AL.

DUTY OF COMMON PLEAS COURT TO RETAIN CASE ON ERROR.

> Where error is prosecuted from the court of insolvency to the court of common pleas in an appropriation proceeding, and the judgment is reversed, it is the duty of the common pleas to retain the case and proceed to try the matter at issue as provided in Rev. Stat. 6438 (10015).

[For other cases in point, see 1 Supp. Dig., "Error," §§ 22-24.—Ed.]

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Jesse Lowman,** city solicitor, for plaintiff in error.

**Renner & Renner,** for defendant in error.

**SWING, J.**

This was in effect an action in the insolvency court for the appropriation of private property.

Error was prosecuted to the judgment of the insolvency court to the court of common pleas, in which court the judgment of the insolvency court was reversed, and the cause remanded to the insolvency court for a new trial.

We are of the opinion that the court erred in remanding the case to the insolvency court for a new trial. It should have retained the cause and proceeded to try the matter at issue as is provided in Rev. Stat. 6438 (Lan. 10015).

Laning Rev. Stat. 3598 (B. 1536-114) provides that municipal corporations and other parties may prosecute error to the judgments of probate and insolvency courts as in other civil actions, which we think means as in other civil actions for appropriation of private property.

Revised Statute 6453 (Lan. 10030) says the provision of this chapter shall not apply to municipal authorities, but it goes on to point out in what respect it shall not apply, which is as to the payment of the judgment.

It is apparent that the intention of the legislature was to expedite the determination of appropriation proceedings, in order that the corporation may get the possession of the property for the benefit of the public and further that the citizen may have his money for which his property is taken and which right is especially guarded by the constitution of the state and of the United States.

Judgment reversed to this extent.

**Giffen** and **Smith, JJ.,** concur.